## DAVIS, EX PARTE.

This court will not supersede execution of a judgment before a justice of the peace, where he had jurisdiction both of the parties and of the subject matter. *Caldwell, Ex parte*, ante, cited and relied on.

*Cummins*, for petitioner.

*By the Court*, RINGO, C. J. A motion was made at a former day of the present term of this court, for a writ of supersedeas to suspend forever the judgment of a justice of the peace, supported by a petition then read and filed, in which the proceedings and judgment of the justice of the peace, sought to be superseded, are set forth, whereby it appears, that George W. Kesner, on the 3d day of October,

1843, filed with N. S. Cargill, a justice of the peace in and for Bear Creek township, in Searcy county, a writing obligatory for $50, payable to said Kesner, on the 3d day of April, 1843, purporting to have been executed by the petitioner, and thereupon made and filed with said justice of the peace his affidavit, stating the petitioner's indebtedness to him in the sum of $50; that he was about to leave said county, and that he would be in danger of losing his debt, unless a warrant was issued forthwith. That said justice of the peace issued a warrant thereupon in the form prescribed by law, upon which he was arrested, and on the next day brought before the justice; that both partices consented to submit the case to the justice; that he heard the testimony adduced, and thereupon gave judgment in due form of law, in favor of Kesner against the petitioner for $50, debt, $1 50 damages, and the costs of suit; that Kesner thereupon made and filed a further affidavit, stating that he believed Davis, the petitioner, was putting his property out of his hands, to defraud his just creditors, and that unless an execution was issued forthwith, he would be in danger of losing his debt; that he thereupon issued an execution on said judgment, and that Davis, on the 6th day of the same month, offered satisfactory security for the stay of execution on said judgment, whereupon he revoked and recalled the execution previously issued, and entered on his docket the stay of execution on said judgment according to law. Other facts are stated in the petition, but they are not such as can receive the slightest consideration, or such as in law can have the least influence upon the present application, and hence any statement thereof is deemed unnecessary.

From the facts thus exhibited, it is perfectly clear that the justice of the peace had, unquestionably, jurisdiction of both the subject matter of the adjudication and the parties to the suit. This therefore is a case directly embraced by the principle expressly adjudged by this court, at the present term, in the case of *Caldwell Ex parte;* where it was held that a writ of supersedeas to suspend perpetually the execution of a judgment pronounced by a judicial tribunal, invested legally with jurisdiction of both the subject matter and parties to the controversy, could not be legally granted. The motion is therefore denied and the writ refused.